Parker, J.
I do not think the court of chancery committed any error in disregarding the supplemental bill. The object of that bill was to rescind the contract made between Israel and Long, and to recover back the purchase money from Israel, on account of an al.leged defect of title in Coffman. But Long had no claim upon Israel for any defect of title to the land in the proceedings mentioned. He contracted to take the *565 title of Coffman; and in case of eviction, Coffman, not .M M Israel, will be liable to him upon the covenant of warranty. Until eviction, however, which may never happen, this court cannot anticipatethe operation of Coffman's covenant, by rendering him responsible in dama ges, to the same extent as he will be at law, should the title prove to be a defective one. This is not like the case where resort has been allowed to the preventive justice of the court, to arrest the compulsory payment of purchase money, when the purchaser can shew that his title has been questioned by a suit prosecuted or threatened, or is clearly defective. That proceeding is allowed against the person liable for the title, and whose claim for purchase money is sought to be injoined. But here, one person claims the balance of the purchase money, and another is liable on his covenant of warranty for the title; which brings the case within the direct and controlling authority of the principle stated in Koger et al. v. Kane's adm'r &c. 5 Leigh 606.
Nor do I think that the contract, as set out in the answer of Israel, is liable to the imputation of usury. There was no agreement for the loan or advance of money to Long, and no forbearance of a debt due; but it is a contract on the part of Israel to sell Long a tract of land for 900 dollars, if he succeeded in purchasing it from Coffman. On the part of Long, it is an executory contract to pay the 900 dollars, depending, for performance, upon circumstances which might prevent its ever becoming a debt. His real object was to buy land, provided he could get it for a stipulated sum, and on suitable terms of payment; and there was no negotiation for the loan of money, or the forbearance of any debt. This is apparent, not only from his own account of the transaction, but from the stipulations of the bond taken from Israel when the contract was consummated. By that bond, Israel incurred a responsibility which it might have taken more, than the 900 dollars to dis *566 charge; for he bound himself in the penalty of 2000 dollars, to procure a good deed with general warranty t0 made to Long by Coffman. Whatever therefore was the nature of the original executory agreement, it ^ ' was relieved from all taint of usury when it came to be executed. But the decree is clearly erroneous in several particulars.
1. If the court was right in dismissing the bill and decreeing costs, it ought not to have decreed against the appellants jointly, nor against the executor de bonis propriis.
2. The deed from Coffman to Long was not such “ a good general warranty deed” as Israel was bound to procure, for the tract of land described in the bond and intended to be sold. That deed was manifestly defective, conveying only a small portion of the land, and embracing other land not within the contemplation of the parties. These errors ought to have been corrected, by decreeing Coffman to execute a deed with general warranty for the land contained in the survey made by Cyrus Hayivood on the 19th of April 1823; for although Long might probably, with the aid of parol evidence, have established the true boundaries of the land he contracted to buy, he had a right to insist upon a correct and sufficient deed.
3. The decree ought, I think, under the circumstances that had taken place, to have directed a reconveyance of the legal title outstanding in Tindall, upon the payment of the balance of the purchase money by Long to Israel.
The bill, therefore, ought not to have been dismissed, but a decree should have been entered conforming to this opinion, giving costs to the plaintiffs to be paid by Israel; and for not having done so, this court ought now to reverse the decree with costs, and remand the case for further proceedings.